## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL L. STANLEY,<br>      Plaintiff, | * |
| | * |
| v. | CIVIL ACTION NO. RWT-04-3712 |
| | * |
| TALBOT COUNTY,<br>      Defendant. | * |

******

## **MEMORANDUM OPINION**

On November 22, 2004, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983, seeking monetary damages and injunctive relief. Counsel for Defendant has filed a dispositive motion (Paper No. 12), which shall be treated as a Motion for Summary Judgment. Plaintiff has filed a response to which Defendant has replied. (Paper Nos. 17 and 18). No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

### **Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion. As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses do not proceed to trial. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-23 (1986)).  With this standard in mind, the court now examines Plaintiff's claims.

## Background

Plaintiff in his original and supplement complaints states that the legal assistance available to detainees housed at the Talbot County Detention Center is inadequate.  (Paper Nos. 1 and 8).  Plaintiff contends that the law library at TCDC consisted of few books and that he had to access case materials through LASI.[1]  He states that it took two months for him to receive a response for materials through LASI. Id.  He states that he was unable to file a complaint regarding his property or a complaint regarding his illegal detention.

## Analysis

The court first examines Defendant's contention that this action should be dismissed in its entirety, due to Plaintiff's failure to exhaust available administrative remedies.  The Prison Litigation Reform Act

---

[1] LASI is the acronym for Library Assistance to State Institutions.  It provides copies of published decisions to prisoners.

["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to each of Plaintiff's allegations, and Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA, or that defendants have forfeited their right to raise non-exhaustion as a defense. See Chase v. Peay, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. Chase, 582 F.Supp.2d at 530; Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); Booth v. Churner, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

The TCDC has established an internal complaint system for the handling of inmate grievances. (Paper No. 17, Ex. 4, 14). An inmate aggrieved of a policy or action by a TCDC employee may complete an Inmate Request Slip and submit it to a Correctional Officer. The request is then forwarded to the appropriate employee for action. The internal grievance procedure further provides that all formal complaints concerning serious problems are required to be in writing, signed by the inmate, and directed to the Director of the facility. Inmates who wish to pursue a formal grievance must obtain forms from the Officer in Charge. Upon receipt of an executed grievance the Director must respond within fifteen days. Id.

The uncontroverted evidence reveals that Plaintiff submitted no written grievances concerning the TCDC law library. Plaintiff states that on an unspecified date Captain Johnson directed Plaintiff to file an inmate grievance form detailing his problems. Captain Johnson advised Plaintiff that he would present the problem to the U.S. Marshals. (Paper No. 18). Plaintiff states that when he next spoke to Captain Johnson, the Captain advised Plaintiff that he had contacted the U.S. Marshall and was awaiting a response. Plaintiff asked if the grievance form was still necessary and he was told "no." According to Plaintiff he relied upon Johnson's assurances and never filed a written grievance regarding the TCDC law library. (Id.) Plaintiff fails to state when during his one year incarceration at the TCDC this conversation occurred. Even assuming Plaintiff was told on this occasion that he did not need to file a written grievance, Plaintiff has failed to offer any explanation as to why he failed to file a written grievance when a remedy was not forthcoming from Captain Johnson or the U.S. Marshal's Service based on Plaintiff's oral complaints. Unlike the prisoner plaintiff in Taylor v. Barnett, 105 F.Supp. 2d 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated Plaintiff's attempts at pursuing administrative remedies; instead, Plaintiff

through his own inaction failed to follow the proper procedure for filing claims after it reasonably appeared that action otherwise would not be taken regarding his complaints. Accordingly, Plaintiff's complaint will be dismissed. A separate Order will be entered in accordance with this Memorandum Opinion.

   8/19/05            /s/        
(Date)         ROGER W. TITUS
        UNITED STATES DISTRICT JUDGE